# EXHIBIT A

STATE OF MICHIGAN
36th DISTRICT COURT

DEBORAH WARD,

        Plaintiff,

-vs-                                              Case No.
                                                 Hon.

ALL-STATE CREDIT BUREAU, INCORPORATED,
AMCOL SYSTEMS, INC.,
FIRST FEDERAL CREDIT CONTROL,
SOUTHWEST CREDIT SYSTEMS, L.P.,
DISH NETWORK LLC, and
DIRECTV, LLC,

        Defendants.

## COMPLAINT

### Jurisdiction

1.    The amount in controversy is less than $10,000.00.

### Venue

2.    The transactions and occurrences which give rise to this action occurred in the City of

Detroit, in Wayne County.

3.    Venue is proper in the 36th District Court.

### Parties

4.    Deborah Ward resides in Detroit, Michigan.

1

5.    Deborah Ward is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §1681a(c).

6.    The Defendant to this action, ALL-STATE CREDIT BUREAU, INCORPORATED, is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7.    The Defendant to this action, AMCOL SYSTEMS, INC., is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

8.    The Defendant to this action, FIRST FEDERAL CREDIT CONTROL, is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

9.    The Defendant to this action, SOUTHWEST CREDIT SYSTEMS, L.P., is a furnisher of information as contemplated by the Fair Credit Reporting Act ("FCRA")15 USC §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

10.    DISH NETWORK LLC is a "person" as that term is defined in the Fair Credit Reporting Act

("FCRA")15 U.S.C. §1681a.

11.    DIRECTV, LLC is a "person" as that term is defined in the Fair Credit Reporting Act ("FCRA")15 U.S.C. §1681a.

## General Factual Allegations regarding

### ALL-STATE CREDIT BUREAU, INCORPORATED

12.    Plaintiff discovered false information reported by ALL-STATE CREDIT BUREAU, INCORPORATED ("ASCBI false information") on one or more of her consumer reports.

13.    Ms. Ward disputed the ASCBI false information by transmitting actual notice of her dispute to ALL-STATE CREDIT BUREAU, INCORPORATED along with an adequate description and explanation to one or more major credit reporting agencies.

14.    Ms. Ward requested that one or more major credit reporting agencies reinvestigate and correct the ASCBI false information as envisioned by 15 U.S.C. § 1681i.

15.    Ms. Ward's request for reinvestigation included sufficient information to provide actual notice that the ASCBI false information was inaccurate and the source of the ASCBI false information was not reliable.

16.    One or more credit reporting agencies responded to this dispute from Ms. Ward by requesting verification of the ASCBI false information from ALL-STATE CREDIT BUREAU, INCORPORATED.

17.    ALL-STATE CREDIT BUREAU, INCORPORATED responded to the reinvestigation request by verifying ASCBI false information.

18.    ALL-STATE CREDIT BUREAU, INCORPORATED failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

3

19.   As a result of ALL-STATE CREDIT BUREAU, INCORPORATED's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## General Factual Allegations regarding

## AMCOL SYSTEMS, INC.

20.   Plaintiff discovered false information reported by AMCOL SYSTEMS, INC. ("ASI false information") on one or more of her consumer reports.

21.   Ms. Ward disputed the ASI false information by transmitting actual notice of her dispute to AMCOL SYSTEMS, INC. along with an adequate description and explanation to one or more major credit reporting agencies.

22.   Ms. Ward requested that one or more major credit reporting agencies reinvestigate and correct the ASI false information as envisioned by 15 U.S.C. § 1681i.

23.   Ms. Ward's request for reinvestigation included sufficient information to provide actual notice that the ASI false information was inaccurate and the source of the ASI false information was not reliable.

24.   One or more credit reporting agencies responded to this dispute from Ms. Ward by requesting verification of the ASI false information from AMCOL SYSTEMS, INC..

25.   AMCOL SYSTEMS, INC. responded to the reinvestigation request by verifying ASI false information.

26.   AMCOL SYSTEMS, INC. failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

27.   As a result of AMCOL SYSTEMS, INC.'s willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

4

## General Factual Allegations regarding

## FIRST FEDERAL CREDIT CONTROL

28.  Plaintiff discovered false information reported by FIRST FEDERAL CREDIT CONTROL ("FFCC false information") on one or more of her consumer reports.

29.  Ms. Ward disputed the FFCC false information by transmitting actual notice of her dispute to FIRST FEDERAL CREDIT CONTROL along with an adequate description and explanation to one or more major credit reporting agencies.

30.  Ms. Ward requested that one or more major credit reporting agencies reinvestigate and correct the FFCC false information as envisioned by 15 U.S.C. § 1681i.

31.  Ms. Ward's request for reinvestigation included sufficient information to provide actual notice that the FFCC false information was inaccurate and the source of the FFCC false information was not reliable.

32.  One or more credit reporting agencies responded to this dispute from Ms. Ward by requesting verification of the FFCC false information from FIRST FEDERAL CREDIT CONTROL.

33.  FIRST FEDERAL CREDIT CONTROL responded to the reinvestigation request by verifying FFCC false information.

34.  FIRST FEDERAL CREDIT CONTROL failed to reasonably reinvestigate under 15 U.S.C. § 1681s-2(b) and this failure was willful.

35.  As a result of FIRST FEDERAL CREDIT CONTROL's willful failure to abide by 15 U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

5

## General Factual Allegations regarding

## SOUTHWEST CREDIT SYSTEMS, L.P.

36.   Plaintiff discovered false information reported by SOUTHWEST CREDIT SYSTEMS, L.P.

("SCSLP false information") on one or more of her consumer reports.

37.   Ms. Ward disputed the SCSLP false information by transmitting actual notice of her dispute

to SOUTHWEST CREDIT SYSTEMS, L.P. along with an adequate description and

explanation to one or more major credit reporting agencies.

38.   Ms. Ward requested that one or more major credit reporting agencies reinvestigate and

correct the SCSLP false information as envisioned by 15 U.S.C. § 1681i.

39.   Ms. Ward's request for reinvestigation included sufficient information to provide actual

notice that the SCSLP false information was inaccurate and the source of the SCSLP false

information was not reliable.

40.   One or more credit reporting agencies responded to this dispute from Ms. Ward by

requesting verification of the SCSLP false information from SOUTHWEST CREDIT

SYSTEMS, L.P.

41.   SOUTHWEST CREDIT SYSTEMS, L.P. responded to the reinvestigation request by

verifying SCSLP false information.

42.   SOUTHWEST CREDIT SYSTEMS, L.P. failed to reasonably reinvestigate under 15 U.S.C.

§ 1681s-2(b) and this failure was willful.

43.   As a result of SOUTHWEST CREDIT SYSTEMS, L.P.'s willful failure to abide by 15

U.S.C. § 1681s-2(b), Plaintiff has suffered and continues to suffer damages.

## General Factual Allegations regarding DISH NETWORK, LLC

6

44.     Ms. Ward obtained a copy of her consumer report ("the consumer report").

45.     That consumer report demonstrates that DISH NETWORK, LLC accessed Ms. Ward's

        consumer report on July 2, 2015 .

46.     As a prerequisite to obtaining that consumer report, DISH NETWORK, LLC was required

        to certify to the credit reporting agency from which the report was obtained -- that DISH

        NETWORK, LLC had a permissible purpose under the FCRA for accessing and using the

        consumer report.

### General Factual Allegations regarding DIRECTV, LLC

47.     Ms. Ward obtained a copy of her consumer report ("the consumer report").

48.     That consumer report demonstrates that DIRECTV, LLC accessed Ms. Ward's consumer

        report on Tuesday, August 11, 2015 .

49.     As a prerequisite to obtaining that consumer report, DIRECTV, LLC was required to certify

        to the credit reporting agency from which the report was obtained -- that DIRECTV, LLC had

        a permissible purpose under the FCRA for accessing and using the consumer report.

### COUNT I -- Fair Credit Reporting Act (All-State Credit Bureau, Incorporated)

50.     Ms.  Ward incorporates the preceding allegations by reference.

51.     All-State Credit Bureau, Incorporated was required under 15 U.S.C. § 1681s-2(b), to respond

        to the request for reinvestigation initiated by Ms. Ward through one or more credit reporting

        agencies by completing an inquiry into the facts underlying the trade-line and providing

        accurate information to the credit reporting agencies regarding that trade-line.

52.     In the event that All-State Credit Bureau, Incorporated was unable to verify the information

        which it had reported, All-State Credit Bureau, Incorporated was required to advise the credit

reporting agency of this fact.

53.    Following the reinvestigation, All-State Credit Bureau, Incorporated reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

54.    Following the reinvestigation, All-State Credit Bureau, Incorporated reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

55.    Following the reinvestigation and dispatch of notice directly to All-State Credit Bureau, Incorporated, All-State Credit Bureau, Incorporated reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

56.    Following the reinvestigation and dispatch of direct notice to All-State Credit Bureau, Incorporated, All-State Credit Bureau, Incorporated failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

57.    All-State Credit Bureau, Incorporated willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

58.    In the alternative, All-State Credit Bureau, Incorporated negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

59.    All-State Credit Bureau, Incorporated willfully refused to properly reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

8

60.   In the alternative, All-State Credit Bureau, Incorporated negligently failed to conduct a proper reinvestigation of Ms. Ward's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

61.   Ms. Ward has suffered damages as a result of these violations of the FCRA.

### COUNT II – Intentional Infliction of Emotional Distress (All-State Credit Bureau, Incorporated)

62.   Plaintiff incorporates the preceding allegations by reference.

63.   All-State Credit Bureau, Incorporated's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

64.   All-State Credit Bureau, Incorporated intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

65.   All-State Credit Bureau, Incorporated's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

66.   Plaintiff has suffered damages as a result of the conduct of All-State Credit Bureau, Incorporated.

### COUNT III – Negligence (All-State Credit Bureau, Incorporated)

67.   Plaintiff incorporates the preceding allegations by reference.

68.   All-State Credit Bureau, Incorporated owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

69.   Plaintiff holds a property interest in her good name, credit worthiness, and reputation.

70.   All-State Credit Bureau, Incorporated's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

9

71.   Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by All-State Credit Bureau, Incorporated.

### COUNT IV– Negligence *Per Se* – (All-State Credit Bureau, Incorporated)

72.   Plaintiff incorporates the preceding allegations by reference.

73.   All-State Credit Bureau, Incorporated's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

74.   Those unreasonable actions were *per* se unreasonable.

75.   Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by All-State Credit Bureau, Incorporated.

### COUNT IV – Defamation by Libel (All-State Credit Bureau, Incorporated)

76.   Plaintiff incorporates the preceding allegations by reference.

77.   All-State Credit Bureau, Incorporated's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

78.   All-State Credit Bureau, Incorporated's publications were not privileged communications.

79.   All-State Credit Bureau, Incorporated's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

80.   The statements were *per se* defamatory.

81.   Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

82.   Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

10

### COUNT  V – Malicious Statutory Libel (All-State Credit Bureau, Incorporated)

83.    Plaintiff incorporates the preceding allegations by reference.

84.    The inaccurate credit information was published with malice or ill-will.

85.    Plaintiff has suffered damages as a result of this malicious libel by All-State Credit Bureau, Incorporated in violation of M.C.L. § 600.2911.

86.    Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.291.

### COUNT  VI – Fair Credit Reporting Act (AMCOL SYSTEMS, INC.)

87.    Ms. Ward incorporates the preceding allegations by reference.

88.    AMCOL SYSTEMS, INC. was required under 15 U.S.C. § 1681s-2(b), to respond to the request for reinvestigation initiated by Ms. Ward through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

89.    In the event that AMCOL SYSTEMS, INC. was unable to verify the information which it had reported, AMCOL SYSTEMS, INC. was required to advise the credit reporting agency of this fact.

90.    Following the reinvestigation, AMCOL SYSTEMS, INC. reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

91.    Following the reinvestigation, AMCOL SYSTEMS, INC. reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

92. Following the reinvestigation and dispatch of notice directly to AMCOL SYSTEMS, INC., AMCOL SYSTEMS, INC. reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

93. Following the reinvestigation and dispatch of direct notice to AMCOL SYSTEMS, INC., AMCOL SYSTEMS, INC. failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

94. AMCOL SYSTEMS, INC. willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

95. In the alternative, AMCOL SYSTEMS, INC. negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

96. AMCOL SYSTEMS, INC. willfully refused to properly reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

97. In the alternative, AMCOL SYSTEMS, INC. negligently failed to conduct a proper reinvestigation of Ms. Ward's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

98. Ms. Ward has suffered damages as a result of these violations of the FCRA.

## COUNT VII – Intentional Infliction of Emotional Distress (AMCOL SYSTEMS, INC.)

99. Plaintiff incorporates the preceding allegations by reference.

100. AMCOL SYSTEMS, INC.'s conduct in defaming the good name and credit of Plaintiff

12

constituted extreme and outrageous conduct.

101.    AMCOL SYSTEMS, INC. intentionally defamed the good name and credit of the Plaintiff,

and did so with reckless disregard of the possible consequences to Plaintiff.

102.    AMCOL SYSTEMS, INC.'s conduct in defaming the good name and credit of Plaintiff

directly and proximately caused emotional distress to the Plaintiff.

103.    Plaintiff has suffered damages as a result of the conduct of AMCOL SYSTEMS, INC..

## COUNT VIII – Negligence (AMCOL SYSTEMS, INC.)

104.    Plaintiff incorporates the preceding allegations by reference.

105.    AMCOL SYSTEMS, INC. owed Plaintiff a duty to refrain from unreasonable conduct

which could foreseeably cause damage to Plaintiff's person or property.

106.    Plaintiff holds a property interest in her good name, credit worthiness, and reputation.

107.    AMCOL SYSTEMS, INC.'s publication of false and inaccurate credit information on

Plaintiff's credit report was unreasonable.

108.    Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of

false and inaccurate credit information by AMCOL SYSTEMS, INC..

## COUNT IX– Negligence *Per Se* – (AMCOL SYSTEMS, INC.)

109.    Plaintiff incorporates the preceding allegations by reference.

110.    AMCOL SYSTEMS, INC.'s actions in publishing false and inaccurate credit information on

Plaintiff's credit report was in violation of express duties under the FCRA.

111.    Those unreasonable actions were *per se* unreasonable.

112.    Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false

and inaccurate credit information by AMCOL SYSTEMS, INC..

13

## COUNT IX – Defamation by Libel (AMCOL SYSTEMS, INC.)

113. Plaintiff incorporates the preceding allegations by reference.

114. AMCOL SYSTEMS, INC.'s written publications of the trade lines on Plaintiff's credit report were false and defamatory.

115. AMCOL SYSTEMS, INC.'s publications were not privileged communications.

116. AMCOL SYSTEMS, INC.'s publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

117. The statements were *per se* defamatory.

118. Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

119. Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

## COUNT X – Malicious Statutory Libel (AMCOL SYSTEMS, INC.)

120. Plaintiff incorporates the preceding allegations by reference.

121. The inaccurate credit information was published with malice or ill-will.

122. Plaintiff has suffered damages as a result of this malicious libel by AMCOL SYSTEMS, INC. in violation of M.C.L. § 600.2911.

123. Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT XI – Fair Credit Reporting Act (FIRST FEDERAL CREDIT CONTROL)

124. Ms. Ward incorporates the preceding allegations by reference.

125. FIRST FEDERAL CREDIT CONTROL was required under 15 U.S.C. § 1681s-2(b), to

respond to the request for reinvestigation initiated by Ms. Ward through one or more credit reporting agencies by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

126.   In the event that FIRST FEDERAL CREDIT CONTROL was unable to verify the information which it had reported, FIRST FEDERAL CREDIT CONTROL was required to advise the credit reporting agency of this fact.

127.   Following the reinvestigation, FIRST FEDERAL CREDIT CONTROL reported the erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

128.   Following the reinvestigation, FIRST FEDERAL CREDIT CONTROL reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

129.   Following the reinvestigation and dispatch of notice directly to FIRST FEDERAL CREDIT CONTROL, FIRST FEDERAL CREDIT CONTROL reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

130.   Following the reinvestigation and dispatch of direct notice to FIRST FEDERAL CREDIT CONTROL, FIRST FEDERAL CREDIT CONTROL failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

131.   FIRST FEDERAL CREDIT CONTROL willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

132.  In the alternative, FIRST FEDERAL CREDIT CONTROL negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 168o.

133.  FIRST FEDERAL CREDIT CONTROL willfully refused to properly reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

134.  In the alternative, FIRST FEDERAL CREDIT CONTROL negligently failed to conduct a proper reinvestigation of Ms. Ward's credit reporting dispute in violation of 15 U.S.C. §§ 1681s-2(b) and 168io.

135.  Ms. Ward has suffered damages as a result of these violations of the FCRA.

## COUNT XII – Intentional Infliction of Emotional Distress (FIRST FEDERAL CREDIT CONTROL)

136.  Plaintiff incorporates the preceding allegations by reference.

137.  FIRST FEDERAL CREDIT CONTROL's conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

138.  FIRST FEDERAL CREDIT CONTROL intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

139.  FIRST FEDERAL CREDIT CONTROL's conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

140.  Plaintiff has suffered damages as a result of the conduct of FIRST FEDERAL CREDIT CONTROL.

## COUNT XIII – Negligence (FIRST FEDERAL CREDIT CONTROL)

141.  Plaintiff incorporates the preceding allegations by reference.

16

142.  FIRST FEDERAL CREDIT CONTROL owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

143.  Plaintiff holds a property interest in her good name, credit worthiness, and reputation.

144.  FIRST FEDERAL CREDIT CONTROL's publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

145.  Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by FIRST FEDERAL CREDIT CONTROL.

**COUNT  XIV– Negligence *Per Se* – (FIRST FEDERAL CREDIT CONTROL)**

146.  Plaintiff incorporates the preceding allegations by reference.

147.  FIRST FEDERAL CREDIT CONTROL's actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

148.  Those unreasonable actions were *per* se unreasonable.

149.  Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by FIRST FEDERAL CREDIT CONTROL.

**COUNT  XIV – Defamation by Libel (FIRST FEDERAL CREDIT CONTROL)**

150.  Plaintiff incorporates the preceding allegations by reference.

151.  FIRST FEDERAL CREDIT CONTROL's written publications of the trade lines on Plaintiff's credit report were false and defamatory.

152.  FIRST FEDERAL CREDIT CONTROL's publications were not privileged communications.

153.  FIRST FEDERAL CREDIT CONTROL's publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

154.    The statements were *per se* defamatory.

155.    Plaintiff has suffered special damages including loss of creditworthiness as a result of the

publication of the defamatory statements.

156.    Plaintiff has suffered emotional distress as a result of the publication of the defamatory

statements.

## COUNT  XV – Malicious Statutory Libel (FIRST FEDERAL CREDIT CONTROL)

157.    Plaintiff incorporates the preceding allegations by reference.

158.    The inaccurate credit information was published with malice or ill-will.

159.    Plaintiff has suffered damages as a result of this malicious libel by FIRST FEDERAL

CREDIT CONTROL in violation of M.C.L. § 600.2911.

160.    Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this

malicious liable under the provisions of M.C.L. § 600.2911.

## COUNT  XVI – Fair Credit Reporting Act (SOUTHWEST CREDIT SYSTEMS, L.P.)

161.    Ms.  Ward incorporates the preceding allegations by reference.

162.    SOUTHWEST CREDIT SYSTEMS, L.P. was required under 15 U.S.C. § 1681s-2(b), to

respond to the request for reinvestigation initiated by Ms. Ward through one or more credit

reporting agencies by completing an inquiry into the facts underlying the trade-line and

providing accurate information to the credit reporting agencies regarding that trade-line.

163.    In the event that SOUTHWEST CREDIT SYSTEMS, L.P. was unable to verify the

information which it had reported, SOUTHWEST CREDIT SYSTEMS, L.P. was required

to advise the credit reporting agency of this fact.

164.    Following the reinvestigation, SOUTHWEST CREDIT SYSTEMS, L.P. reported the

erroneous credit information with actual knowledge of errors, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

165.    Following the reinvestigation, SOUTHWEST CREDIT SYSTEMS, L.P. reported the erroneous credit information and consciously avoided knowing that the credit information was inaccurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

166.    Following the reinvestigation and dispatch of notice directly to SOUTHWEST CREDIT SYSTEMS, L.P., SOUTHWEST CREDIT SYSTEMS, L.P. reported credit information that was not in fact accurate, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

167.    Following the reinvestigation and dispatch of direct notice to SOUTHWEST CREDIT SYSTEMS, L.P., SOUTHWEST CREDIT SYSTEMS, L.P. failed to notify the consumer reporting agencies to whom it reported credit information that the debt was disputed, in violation of the FCRA, 15 U.S.C. § 1681s-2(b).

168.    SOUTHWEST CREDIT SYSTEMS, L.P. willfully refused to properly put in place adequate procedures to reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

169.    In the alternative, SOUTHWEST CREDIT SYSTEMS, L.P. negligently failed to put in place procedures to complete an adequate reinvestigation of disputed credit information in violation of 15 U.S.C. §§ 1681s-2(b) and 1680.

170.    SOUTHWEST CREDIT SYSTEMS, L.P. willfully refused to properly reinvestigate the inaccuracies in Ms. Ward's credit report in violation of 15 U.S.C. §§ 1681s-2(b) and 1681n.

171.    In the alternative, SOUTHWEST CREDIT SYSTEMS, L.P. negligently failed to conduct a proper reinvestigation of Ms. Ward's credit reporting dispute in violation of 15 U.S.C. §§

1681s-2(b) and 168io.

172. Ms. Ward has suffered damages as a result of these violations of the FCRA.

## COUNT XVII – Intentional Infliction of Emotional Distress (SOUTHWEST CREDIT SYSTEMS, L.P.)

173. Plaintiff incorporates the preceding allegations by reference.

174. SOUTHWEST CREDIT SYSTEMS, L.P.'s conduct in defaming the good name and credit of Plaintiff constituted extreme and outrageous conduct.

175. SOUTHWEST CREDIT SYSTEMS, L.P. intentionally defamed the good name and credit of the Plaintiff, and did so with reckless disregard of the possible consequences to Plaintiff.

176. SOUTHWEST CREDIT SYSTEMS, L.P.'s conduct in defaming the good name and credit of Plaintiff directly and proximately caused emotional distress to the Plaintiff.

177. Plaintiff has suffered damages as a result of the conduct of SOUTHWEST CREDIT SYSTEMS, L.P..

## COUNT XVIII – Negligence (SOUTHWEST CREDIT SYSTEMS, L.P.)

178. Plaintiff incorporates the preceding allegations by reference.

179. SOUTHWEST CREDIT SYSTEMS, L.P. owed Plaintiff a duty to refrain from unreasonable conduct which could foreseeably cause damage to Plaintiff's person or property.

180. Plaintiff holds a property interest in her good name, credit worthiness, and reputation.

181. SOUTHWEST CREDIT SYSTEMS, L.P.'s publication of false and inaccurate credit information on Plaintiff's credit report was unreasonable.

182. Plaintiff has suffered foreseeable damages as a result of this unreasonable publication of false and inaccurate credit information by SOUTHWEST CREDIT SYSTEMS, L.P..

20

**COUNT XIX– Negligence *Per Se* – (SOUTHWEST CREDIT SYSTEMS, L.P.)**

183.    Plaintiff incorporates the preceding allegations by reference.

184.    SOUTHWEST CREDIT SYSTEMS, L.P.'s actions in publishing false and inaccurate credit information on Plaintiff's credit report was in violation of express duties under the FCRA.

185.    Those unreasonable actions were *per* se unreasonable.

186.    Plaintiff has suffered damages as a result of this *per se* unreasonable publication of false and inaccurate credit information by SOUTHWEST CREDIT SYSTEMS, L.P..

**COUNT XIX – Defamation by Libel (SOUTHWEST CREDIT SYSTEMS, L.P.)**

187.    Plaintiff incorporates the preceding allegations by reference.

188.    SOUTHWEST CREDIT SYSTEMS, L.P.'s written publications of the trade lines on Plaintiff's credit report were false and defamatory.

189.    SOUTHWEST CREDIT SYSTEMS, L.P.'s publications were not privileged communications.

190.    SOUTHWEST CREDIT SYSTEMS, L.P.'s publications of the trade lines on Plaintiff's credit report were made negligently, with reckless disregard to their falsity, or maliciously.

191.    The statements were *per se* defamatory.

192.    Plaintiff has suffered special damages including loss of creditworthiness as a result of the publication of the defamatory statements.

193.    Plaintiff has suffered emotional distress as a result of the publication of the defamatory statements.

**COUNT XX – Malicious Statutory Libel (SOUTHWEST CREDIT SYSTEMS, L.P.)**

194.    Plaintiff incorporates the preceding allegations by reference.

21

195.  The inaccurate credit information was published with malice or ill-will.

196.  Plaintiff has suffered damages as a result of this malicious libel by SOUTHWEST CREDIT SYSTEMS, L.P. in violation of M.C.L. § 600.2911.

197.  Plaintiff is entitled to actual and punitive damages has suffered damages as a result of this malicious liable under the provisions of M.C.L. § 600.2911.

**COUNT XXI – Violations of the Fair Credit Reporting ACT (DISH NETWORK, LLC)**

198.  Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

199.  Personal financial information may reveal the most private details of a consumer's lifestyle or mode of living, and any improper use constitutes an invasion of privacy of the consumer. As the banking and credit industries have developed systems and computer databases for legitimate, authorized and convenient access to this private, financial information, it has become, as a consequence, more convenient for people and companies with no legitimate reason to illegally invade a person's privacy by impermissible access to consumer credit histories.

200.  While there is a legal duty for users of private, financial information to access it only for legal reasons, the credit bureaus have a coinciding duty to make sure that widespread invasions of privacy do not occur by implementing specific procedures to prevent illegal, impermissible or capricious "credit pulls". The improper access of a person's credit report is a substantial invasion of privacy and the use of this credit information can lead to one of the most pernicious phenomena of the electronic age, credit or identity theft.

201.  Part of this lawsuit is the illegal use and access of Ms. Ward's credit report by DISH

NETWORK, LLC and the impermissible access to this private information provided to DISH NETWORK, LLC by one or more credit reporting agencies.

202.    The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* restricts access and use of credit reports.  This statute provides an exhaustive list of the permissible purposes and prescribes criminal penalties as well as civil for the unlawful access and use of these reports.

203.    Users of this credit information like DISH NETWORK, LLC are subject to the FCRA when they access reports and are under the highest duty to prevent unauthorized access by their agents as well as to prevent use of the information which is obtained illegally.

204.    The FCRA expressly provides consumers with a private cause of action against the party illegally accessing the private information; for violations of these privacy provisions of 15 U.S.C. § 1681b, this impermissible access provision is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is found to be wilful or merely negligent.

205.    DISH NETWORK, LLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

206.    DISH NETWORK, LLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

207.    DISH NETWORK, LLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

208.    DISH NETWORK, LLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

209.    DISH NETWORK, LLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally

23

accessing the consumer report of the Plaintiff

210. DISH NETWORK, LLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

211. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

212. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Ward has suffered an unwarranted invasion of her privacy, which may expose Female to additional improper uses of the credit report or Female personal identification information.

213. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

### COUNT XXII – Violations of the Fair Credit Reporting ACT (DIRECTV, LLC)

214. Plaintiff reiterates and incorporates the allegations contained in all preceding paragraphs as if fully set out herein.

215. Personal financial information may reveal the most private details of a consumer's lifestyle or mode of living, and any improper use constitutes an invasion of privacy of the consumer. As the banking and credit industries have developed systems and computer databases for legitimate, authorized and convenient access to this private, financial information, it has become, as a consequence, more convenient for people and companies with no legitimate reason to illegally invade a person's privacy by impermissible access to consumer credit histories.

216. While there is a legal duty for users of private, financial information to access it only for legal reasons, the credit bureaus have a coinciding duty to make sure that widespread

24

invasions of privacy do not occur by implementing specific procedures to prevent illegal, impermissible or capricious "credit pulls". The improper access of a person's credit report is a substantial invasion of privacy and the use of this credit information can lead to one of the most pernicious phenomena of the electronic age, credit or identity theft.

217. Part of this lawsuit is the illegal use and access of Ms. Ward's credit report by Directv, LLC and the impermissible access to this private information provided to Directv, LLC by one or more credit reporting agencies.

218. The Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq* restricts access and use of credit reports. This statute provides an exhaustive list of the permissible purposes and prescribes criminal penalties as well as civil for the unlawful access and use of these reports.

219. Users of this credit information like Directv, LLC are subject to the FCRA when they access reports and are under the highest duty to prevent unauthorized access by their agents as well as to prevent use of the information which is obtained illegally.

220. The FCRA expressly provides consumers with a private cause of action against the party illegally accessing the private information; for violations of these privacy provisions of 15 U.S.C. § 1681b, this impermissible access provision is enforceable via 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, depending on whether the violation is found to be wilful or merely negligent.

221. Directv, LLC did not have a permissible purpose for the access and use of the report as set forth in 15 U.S.C. § 1681b.

222. Directv, LLC violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

25

223. Directv, LLC violated the FCRA, 15 U.S.C. 1681b(f) by falsely certifying to Experian the purpose for which it accessed the consumer reports of the Plaintiff.

224. Directv, LLC knowingly violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff.

225. Directv, LLC wilfully violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer report of the Plaintiff

226. Directv, LLC, in the alternative, negligently violated the FCRA, 15 U.S.C. 1681b(f) by illegally accessing the consumer reports of the Plaintiff.

227. The above-alleged actions and omissions of the Defendant violated the FCRA, 15 U.S.C. §1681b(f).

228. As a direct and proximate cause of the above-alleged actions and omissions of the Defendant, Ms. Ward has suffered an unwarranted invasion of her privacy, which may expose her to additional improper uses of the credit report or Female personal identification information.

229. The Defendant is liable to the Plaintiff for actual damages, statutory damages and punitive damages for violation of the FCRA.

### Demand For Judgment for Relief

*ACCORDINGLY,* Plaintiff Requests *that this Court:*

a.    *Award actual damages.*

b.    *Award statutory damages.*

c.    *Award statutory costs and attorney fees.*

26

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    /s/ Adam G. Taub
        Adam G. Taub (P48703)
        Attorney for Deborah Ward
        17200 West 10 Mile Rd. Suite 200
        Southfield, MI 48075
        Phone:  (248) 746-3790
        Email:  adamgtaub@clgplc.net

Dated: June 28, 2017

Approved, SCAO

| Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| STATE OF MICHIGAN | | CASE NO. 17115742 |
| 36th   JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | JDG:K. ROBBINS |

**Court address**
421 Madison Avenue, Detroit, MI 48226                                    **Court telephone no.**

| Plaintiff's name(s), address(es), and telephone no(s).<br>Deborah Ward c/o her attorney | | (313)965-8700 |
| | v | Defendant's name(s), address(es), and telephone no(s).<br>AMCOL SYSTEMS, INC.<br>c/o CSC-LAWYERS INCORPORATING SERVICE<br>(COMPANY)<br>601 Abbot Road<br>East Lansing, MI 48823 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Adam G. Taub (P48703)<br>17200 W. Ten Mile Rd, #200<br>Southfield, MI 48075<br>(248)746-3790 | | |

**SUMMONS**    **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued   6/29/17 | This summons expires   9/28/17 | Court clerk |

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number, and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer    pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**Civil Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer    pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Detroit, MI | Defendant(s) residence (include city, township, or village)<br>East Lansing, MI |
| Place where action arose or business conducted<br>Detroit, MI | |

| Date   6-28-17 | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01   (6/17)   **SUMMONS AND COMPLAINT**      MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless
served on or before its expiration date.

| | SUMMONS AND COMPLAINT |
|---|---|
| **PROOF OF SERVICE** | Case No. |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
        List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complet address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                        Day, date, time

_____ on behalf of _____
Signature